THE STATE *v.* ELIJAH WARD, SHERIFF OF MORRIS.

1. If a person while he is applying for the benefit of the insolvent laws and previous to his liberation, has a judgment rendered against him for a debt contracted previous to his confinement, and after his discharge as an insolvent debtor, is arrested by virtue of an execution issued upon that judgment, and committed to goal—such arrest and imprisonment is unlawful.

2. The proper remedy for the prisoner to obtain relief is by a Habeas Corpus, upon the return of which before a judge of the Supreme Court at Chambers he may be discharged.

On Habeas Corpus, returnable in vacation at chambers, to bring up the body of William McCarter.

FORD, J. The purport of the return to the writ is, that final judgment for a debt of $16:82, had been rendered by a justice against William McCarty the prisoner, three days before his liberation from confinement as an insolvent debtor; that an execution was sued out on the day of his

liberation, and delivered to a constable to be executed about four months after its date, at which time the insolvent was arrested upon it and committed to goal. His application under the habeas corpus is for relief from this imprisonment; which brings up two questions for consideration; first whether the imprisonment is unlawful, and if it be found to be so, secondly, whether he can be relieved from it in this mode.

An exemption from personal arrest, on account of debts contracted by an insolvent, prior to the time of his assignment or discharge, is conferred upon him by the manifest provisions of the statute; its language is, "that every insolvent debtor, having conformed in all things to the directions of this act, shall *forever thereafter* be discharged from all debts contracted before the time of assignment, so far as regards the imprisonment of his person." *Rev. Laws*, 223, *Sec.* 17. I am aware that a personal privilege will sometimes be presumed to have been *waived* by a person who neglects to plead it to an action at the proper time; but such a waiver cannot possibly be presumed in this case, wherein the time for pleading in the suit had elapsed three days before the assignment took place. If there should hereafter arise a case in which an opportunity had been afforded to an insolvent to plead his discharge to an action, in bar of the creditor's remedy against his person, and he had neglected to do it, a question might then arise how far a man has *power* to sell, surrender or waive his right to *personal liberty*, by any act or neglect of his own not amounting to a crime. 3 *Bl. Com.* 133. 2 *Wm. Blackstone's Reports, p.* 798, *a*, 1307. But that question does not come up in this case, where the insolvent has never had an opportunity of pleading his discharge. The above statute has absolved his person from the lien of all contracts that were anterior to the time of his assignment; and any restraint of his liberty on their account is a plain infraction

of the statute, and consequently an unlawful imprisonment, that ought to be remedied in some way or other.

But a second question arises on the propriety of granting relief by means of a writ of *habeas corpus ;* for when the sheriff returns that the prisoner is in custody on *execution* for a sum in which he has been condemned, the statute enacts, " that the prisoner shall be immediately remanded and remain in prison *according to law until satisfaction be made for the sum adjudged."* *Rev. Laws,* 243, *Sec.* 30, *and ib.* 196, *Sec.* 8. But the meaning of those words, " according to law until satisfaction be made for the debt," naturally and necessarily limits the direction to cases wherein satisfaction by an imprisonment of the person can be exacted *according to law ;* otherwise on being remanded he would have to remain in prison *contrary to law* until satisfaction was made ; where a subsequent law exempts the debtor from imprisonment the court cannot remand him to prison *according to law,* because imprisonment would be a *contravention* of the law. The above statute applies to all cases where personal imprisonment for debt may be lawfully imposed ; but the application of it to cases where imprisonment for debt cannot be legally imposed, would not reconcile these statutes but render them contradictory. The statute means no more than this, that if a person be imprisoned on an *execution for debt according to law* he shall not be discharged on *habeas corpus ;* it cannot mean that a case of palpable false imprisonment shall not have relief under the writ of habeas corpus, which is the inestimable safeguard of personal liberty, and is declared to be efficacious in *all manner* of unlawful imprisonment. 3 *Bl. Com.* 131. And the necessity of resorting to it in this case seems to be increased by the questionable nature of all other remedies. How could the judgment or execution be set aside on certiorari for error if the justice has committed none ? If an application were made to *him,* is not his *power* over the suit of the parties executed and defunct ? How could a rule of his

court bind the sheriff of the county to discharge a prisoner ? *See* 2 *South.* 565.

Wherefore this being a plain case of unlawful imprisonment, and one wherein the statute never meant to interdict the remedy by habeas corpus : let the prisoner William McCarty be discharged from the custody of the sheriff and go at large.